

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2005

# McEachin v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2729

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"McEachin v. Beard" (2005). *2005 Decisions.* Paper 954.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/954

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2729

THOMAS McEACHIN,

Appellant

v.

JEFFREY BEARD; CATHERINE McVEY; JAMES THOMAS;
DONALD VAUGHN; JULIE KNAUER; MILTON FRIEDMAN;
MARTIN DRAGOVICH; CARL HAMBERGER

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(Dist. Court No. 02-cv-1776)
District Court Judge: The Honorable William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2005

Before: SCIRICA, Chief Judge, ALITO, and GARTH, Circuit Judges

(Opinion Filed: June 28, 2005)

PER CURIAM:

Thomas McEachin ("McEachin") appeals the District Court's grant of summary judgment in favor of eight Department of Correction employees for alleged violations of the Eighth Amendment and the Americans with Disabilities Act and for retaliation. We affirm.

McEachin contends that the District Court erred when it held that he had failed to exhaust administrative remedies with respect to some of the claims asserted in this action. In making this argument, McEachin appears to suggest that this holding was flawed because the defendants did not properly raise his failure to exhaust as an affirmative defense. See Appellant's Br. at 12 ("Any mention of any proof or pleading of this affirmative defense is noticeably absent from the District Court's Memorandum regarding its grant of summary judgment to the defendants."). We reject this argument.

First, it is clear that the affirmative defense of exhaustion was properly raised in the District Court as the defendants raised the defense in their answer to McEachin's second amended complaint.

Second, we hold that the District Court correctly concluded that McEachin failed to exhaust the available remedies with respect to the claims at issue. McEachin's opening brief does not point to anything in the record that shows that the District Court erred, and our examination of the record persuades us that the District Court was correct.

McEachin argues that "the exhaustion provisions of the PLRA must be equitably tolled in the case of retaliation claims" because filing repeated grievances would result in more retaliation. We recognize that at least one court of appeals has found that the PLRA exhaustion requirement may be subject to certain defenses such as waiver, estoppel, or equitable tolling, see Wendell v. Asher, 162 F.3d 887 (5th Cir. 1998), but assuming for the sake of argument that this holding is correct, it would not aid McEachin. The extraordinary circumstances that would be needed to justify equitable tolling are not present here. The record reveals that McEachin was knowledgeable about the grievance procedures as evidenced by the exhaustion of one of his Eighth Amendment claims. The record also reveals that McEachin was neither intimidated nor prohibited from filing grievances as evidenced by the approximately 27 grievances that he filed at SCI-Camp Hill. The District Court was therefore correct when it dismissed McEachin's claims for failure to exhaust his administrative remedies.

McEachin next argues that the District Court improperly granted summary judgment because it declined to accept certain conclusory factual statements in McEachin's verified complaint, as well as certain statements based on hearsay. We disagree.

A party opposing a summary judgment motion "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). These facts must be "such . . . as would be admissible in evidence." Id. Thus, a party may not simply reassert

3

factually unsupported allegations contained in its pleading.  Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989).  Nor may a party rely on inadmissible hearsay to prove facts that could not be proven with admissible evidence at a trial.  Id. at 465 n.12.

Here, the District Court, in considering the defendants' motion for summary judgment, refused to accept some of the sworn allegations in McEachin's second amended complaint because the allegations were conclusory or set out facts that could not be proven through evidence that would be admissible at trial.  After examining the entire summary judgment record, as well as the averments on which McEachin now relies, we conclude that there was no genuine dispute of material fact and that the summary judgment record was insufficient to support McEachin's claims.

We have considered all of McEachin's arguments and find no ground for reversal. We therefore affirm the order of the District Court.